## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERT PETER LAUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-137-D |
| ) | |
| CORRECTIONAL HEALTHCARE ) | |
| MANAGEMENT OF OKLAHOMA, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that the complaint be dismissed without prejudice for failure to comply with this Court's orders and rules and failure to prosecute.

Plaintiff initiated this action by filing a complaint on February 6, 2008, alleging constitutional violations due to denial and/or delay of medical treatment. The complaint alleged that at the time of filing this action, Plaintiff was an inmate at John Lilley Correctional Center (JLCC) in Boley, Oklahoma. By order of this Court dated April 15, 2008, Plaintiff was directed to complete the necessary service papers and furnish them to the Clerk of this Court within twenty days. [Doc. No. 11]. The docket reflects that a copy of the order and necessary service papers were mailed to Plaintiff by the Clerk; however, such

mailing was returned undelivered on May 23, 2008, with a notation that "[i]nmate Laumann (sic) . . . is at Lindsey Hospital, and will not be returning to this facility." [Doc. No. 12]. The undersigned entered an order on May 30, 2008, advising Plaintiff that service papers had not been received by the Court and that failure to obtain timely service on Defendants could result in the dismissal of the lawsuit. [Doc. No. 13]. Although Plaintiff had not submitted a change of address to the Court in accordance with LCvR 5.4(a), the Clerk of the Court was ordered to send a copy of the order to Plaintiff at the Lindsey Hospital as well as to JLCC. The docket reflects that the mailing to Lindsey Hospital was returned "undeliverable" with a forwarding address at Lexington Correctional Center (LCC) in Lexington, Oklahoma. Again, although Plaintiff had not provided any information regarding a change of address, the May 30 order was remailed to Plaintiff at LCC on June 20, 2008.

Notwithstanding the Court's specific warning that the action could be dismissed if service was not effected timely, Plaintiff has not responded to the Court's order by providing the necessary service papers to be issued by the Clerk or asking for additional time within which to do so. The last communication from Plaintiff was a March 27 objection to the Report and Recommendation regarding his failure to pay the partial filing fee.[1] [Doc. No. 8].

Plaintiff is required to present a summons for each Defendant to the Clerk of the Court for processing and issuance, Fed. R. Civ. P. 4(b), and to have each Defendant served with a

---

[1] A subsequent payment was received on April 9, 2008, but such payment does not appear to have been made by Plaintiff himself. [Doc. No. 10].

summons and a copy of the complaint within the time allowed by Rule 4(m).  Fed. R. Civ. P. 4(c)(1). Over three months have elapsed since Plaintiff was ordered to complete and submit the necessary service papers within twenty days. [Doc. No. 11].  To date, no service papers have been submitted by Plaintiff.  Mail sent to the only address provided by Plaintiff has been returned.  It is clear from the undeliverable mail that Plaintiff has failed to comply with LCvR 5.4(a), requiring written notification to the Clerk of the Court on a form provided by the Clerk of a change in address.  Although Plaintiff is a pro se litigant, he is required to follow the same rules of procedure governing other litigants.  *Green v. Dorrell,* 969 F.2d. 915, 917 (10th Cir. 1992).

A court has the inherent power to dismiss an action for failure to prosecute in order to achieve an orderly and expeditious resolution of cases.  *Link v. Wabash Railroad Co.*, 370 U. S. 626 , 630-31 (1962).  Given Plaintiff's failure to comply with the Court's orders and rules, it is recommended that the instant action be dismissed without prejudice to refiling. *See Thornton v. Estep*, No. 05-1263, 2006 WL 3705038, at *2 (10th Cir. Dec. 18, 2006) (holding district court did not abuse its discretion by dismissing pro se inmate's petition for failure to prosecute due to inmate's failure to comply with local rule regarding notification to the court of change of address).[2]

---

[2]This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

## **RECOMMENDATION**

Accordingly, it is recommended that the instant action be dismissed without prejudice for failure to prosecute. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of August, 2008, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 31st day of July, 2008.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE